FILED

2017 Nov-22  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **BEN HULGAN and TRACI HULGAN,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.:** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY COMPANY COMPANY,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

**COMES NOW** Defendant State Farm Fire and Casualty Company ("State Farm") by and through its counsel and files this Notice of Removal, removing this civil action from the Circuit Court of Marshall County, Alabama to the United States District Court for the Northern District of Alabama, Middle Division, pursuant to 29 U.S.C. §1441, *et seq*. In support of its Notice of Removal, Defendant states as follows:

## PROCEDURAL BACKGROUND

1.      On October 18, 2017, the Hulgans filed a Complaint for Declaratory Judgment ("DJ Compl.") in the Circuit Court of Marshall County, Alabama, in the civil action styled *Ben Hulgan and Traci Hulgan v. State Farm Fire and Casualty Company*, CV-2017-900418, asking that the Court take jurisdiction of the case,

and consider facts and law pertaining to a homeowners policy belonging to Traci Hulgan's father, and issue a decree or declaration that State Farm is obligated to defend the Hulgans and provide coverage for the Hulgans in an Underlying Lawsuit (the "Underlying Lawsuit") brought against them by the Terri and Doug Dountz.  (Circuit Court of Marshall County, Alabama, Civil Action No.:  CV-2017-900189.).  (DJ Compl. ¶ 10).  In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, discovery and orders in this lawsuit are attached hereto as **Exhibit "A."**

2.     The Hulgans were sued by Terri and Doug Dountz for personal injuries related to an attack by a dog under the care and control of the Hulgans. (DJ Compl. ¶ 6).

3.     According to the Complaint in the Underlying Lawsuit, Terri Dountz has "suffered a broken back, multiple dog bites, scratches and abrasions about her body when she was attacked by the dog owned by the [Hulgans]…"  (**Ex. B** - Underlying Compl. ¶ 6).[1]

4.     The Hulgans allege that on the date of the dog bite incident they should have been covered under a State Farm homeowners policy ("HOP") – policy number:  01-BG-V561-1. This policy was issued to Traci Hulgan's father,

---

[1] State Farm requests that, pursuant to Fed. R. Evid. 201, this Court take judicial notice of the Complaint in the Underlying Lawsuit between the Dountzes and Hulgans – *Terri Dountz et al v. Traci Hulgan et al*, In the Circuit Court of Marshall County, Alabama – Case No. CV-2017-900189, attached hereto as **Exhibit B**. Furthermore, Ex. B and Ex. C (a copy of the certified policy) are properly attached to this Notice of Removal. *See Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.").

Hugh Burgess.  (DJ Compl. ¶ 8).  Mr. Burgess's HOP provides $300,000 in liability coverage.  (DJ Compl. ¶¶ 1 and 8) and (Certified Policy attached hereto as **Ex. C**).

5.     State Farm was served with the Summons and this Declaratory Judgment Complaint on October 25, 2017. Therefore, this filing is within 30 days. *See* 28 U.S.C. §1446(b).

6.     As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, as set forth fully below.

## DIVERSITY OF CITIZENSHIP

7.     Defendant avers that the Hulgans were at the time of the filing of the Complaint and, are now citizens of the State of Alabama.  (DJ Compl. ¶ 3)

8.     State Farm is an Illinois corporation with its principal place of business in the State of Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), State Farm is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

9.     Hence, there is complete diversity between the Hulgans and State Farm in this case.

## AMOUNT IN CONTROVERSY

### I.    The HOP's Liability Limits and Defense Costs are Appropriate Components of the Amount in Controversy and Plainly Exceed $75,000.

10.    "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors*, LLC, 329 F.3d 805, 807 (11th Cir. 2003). "In other words, the value of the requested injunctive [or declaratory] relief is the monetary value of the benefit that would flow to the plaintiff if the injunction [or declaratory relief] were granted." *SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1251 (S.D. Ala. 2010)(quoting *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1077 (11th Cir. 2000)).

11.    In this case, the Hulgans seek coverage under Mr. Burgess's HOP, which provides liability coverage limits of $300,000. **Ex. C**. Therefore, the value of the HOP, which is the "object of the litigation from the [Hulgan's] perspective," is $300,000 in liability coverage. *Classic Home Builders, LLC*, 751 F. Supp. 2d at 1251.

12.    Furthermore, in addition to the $300,000 of liability coverage, defenses costs are also a proper component of the amount in controversy. *Classic Home Builders, LLC*, 751 F. Supp. 2d at 1256. In this case, in addition to the $300,000 in liability coverage, the Hulgans also seek a declaration that State Farm defend them in the Underlying Lawsuit. Therefore, the "value of [the Hulgans'

requested] relief is the [$300,000 liability limits and defense costs] that would flow to the [Hulgans] if the [declaratory relief] were granted." *Cohen,* 204 F.3d at 1077.

## II.   The Amount in Controversy in the Underlying Litigation Exceeds $75,000.

13.   Aside from the value of the HOP's liability limits and defense costs that would flow to the Hulgans if they were awarded declaratory relief, the amount in controversy in the Underlying Litigation also exceeds $75,000.

14.   "Because the instant suit involves only insurance coverage issues as they relate to the underlying state court action, the court must look to the amount in controversy in the underlying state court suit to determine the amount in controversy for the purposes of diversity jurisdiction." *State Farm Fire & Cas. Co. v. Knoblett*, 561 F. Supp. 2d 1256, 1257 (N.D. Ala. 2008)(Bowdre, J.)(citation omitted).

15.   The Underlying Lawsuit does not set forth the amount of damages claimed. However, "[a]n indeterminate complaint . . . does not show that the cause is *not removable* . . . it simply does not comment on federal jurisdiction." *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 574 (S.D. Ala. 1986).  In such cases, where the amount of damages is not set forth, the Court has the "duty to independently determine the propriety of jurisdiction." *Id.* at 575.

16.     Removal is proper pursuant to 28 U.S.C. §1446, in that there is a sufficient basis that the jurisdictional amount in controversy could be met. 28 U.S.C. §1446(c)(2) provides as follows:

(2)     If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 U.S.C.§ 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—

(A)     the notice of removal may assert the amount in controversy if the initial pleading seeks—

(i)     nonmonetary relief; or

(ii)    a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B)     removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in Section 1332(a) [28 U.S.C. § 1332(a)].

Accordingly, because Plaintiffs in the Underlying Lawsuit seek unspecified damages for their causes of action against the Hulgans, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional amount. *Id.*

17.     In its determination of removability, a district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is

removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)(citation and quotation marks omitted). "Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." *Id.* at 1062 (citations and quotation marks omitted). District courts must independently recognize the value of a claim, rather than rely on the plaintiff's representations. *Id.* at 1064. Further, with regard to a claim for punitive damages the Court is free to use "judicial experience and common sense." *Shepherd v. State Farm Fire and Cas. Co.*, 2012 U.S. Dist. LEXIS 105665 (N.D. Ala. July 30, 2012) (Coogler, J.) (*quoting Roe*, 613 F.3d at 1064).

18.     While the allegations of the Complaint in the Underlying Lawsuit do not specify an amount of damages, Terri and Doug Dountz seek compensatory and punitive damages for significant personal injuries as the result of the attack by the Hulgans' dog. *See* **Ex. B** - Wherefore Clauses for Count I, II, III, IV and V. Specifically, Terri Dountz alleges to have suffered:

      a.  A broken back;

      b.  Permanent injury to her back;

      c.  Numerous puncture wounds to her hands and arms;

      d.  Several unsightly permanent scars which are visible;

e.   Physical pain and mental anguish that she will continue to suffer in the future;

f.   Substantial vocational loss; and

g.   Multiple medical bills to heal her injuries.

(Underlying Compl. ¶ 11).

19.   When making reasonable deductions and extrapolations, "[t]he court will look to relevant Alabama case law to determine whether the jurisdictional amount is satisfied." *Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1260 (N.D. Ala. 1999)(Propst, J.).

20.   In a survey of verdicts and settlements related to personal injuries, it is clear that the amount in controversy is satisfied in this case for a broken back and puncture wounds from dog bites. *Reed v. Boles*, CV-2014-901486, In the Circuit Court of Madison County, Alabama, 2016 WL 7034024 (settlement of $66,000 dog bite injuries); *Womack v. White*, CV-01-000193, In the Circuit Court of St. Clair County, Alabama, 2004 WL 3338371 (verdict of $120,000 for punctures from dog bite); *King v. Lupton*, CV-03-000232, In the Circuit Court of Marshall County, Alabama, 2003 WL 24055553 (settlement of $234,843 for injuries from dog bite); and *Foster v. Vaughan*, CV-01-004484, In the Circuit Court of Jefferson County, Alabama, 2002 WL 32831983 (verdict of $101,177 for dog bite to the hand).

21.     Therefore, when the policy limits of insurance benefits are taken into account and combined with Underlying Lawsuit Plaintiffs' allegations and claims for both compensatory and punitive damages against the Hulgans, the jurisdictional amount in controversy is clearly satisfied. *Shepherd*, 2012 U.S. Dist. LEXIS 105665, at *6-9 (finding by a preponderance of the evidence that more than $75,000 was in controversy where, under the insurance contract, $38,549.19 at a minimum was in controversy).

**THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

22.     Because this Notice of Removal was filed within 30 days of service of the Complaint on Defendant, it is timely under 28 U.S.C. §1446(b).

23.     The prerequisites for removal under 28 U.S.C. §1441 have been met.

24.     Defendant has sought no similar relief with respect to this matter.

25.     No further proceedings have been had in this action.

26.     Pursuant to  28 U.S.C. § 1446(d) a written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

27.     Pursuant to  28 U.S.C. § 1446(d) a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed with the Circuit Court Clerk for the Circuit Court of Marshall County. *See* Notice of Filing Notice of Removal, attached hereto as **Exhibit "D"**

28.     If any question arises as to the propriety of the removal of this action,

Defendant requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (permitting the consideration of evidence outside of the removal petition).

## CONCLUSION

For the foregoing reasons, Defendant State Farm respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

**Respectfully submitted this the 22nd day of November, 2017.**

/s/ A. David Fawal
A. David Fawal [ASB-4593-W82A]
david.fawal@butlersnow.com
Matthew A. Barley [ASB-6178-k15f]
Matt.barley@butlersnow.com

**OF COUNSEL:**
BUTLER SNOW LLP
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 297-2200
Facsimile:   (205) 297-2100

*Attorneys for State Farm Fire and Casualty Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's CM/ECF system, electronic mail and/or by depositing a copy of the same in the U. S. Mail, first-class postage prepaid and properly addressed as follows:

Jeffrey McLaughlin
**McLaughlin Edmondson & Hicks, LLC**
321 Blount Avenue
Guntersville, Alabama  35976
Telephone:  (256) 582-2520
Email:      jrm@mcedlaw.com

*Attorney for Plaintiffs.*

**Done this the 22nd day of November, 2017.**

**/s/ A. David Fawal**
**OF COUNSEL**

39272921.v1

11